UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEDRO LOPEZ-FABIAN,

        **Petitioner,**

    v.                                       **9:13-CV-0024
                                                        (MAD)**

**D. MARTUSCELLO,**

        **Respondent.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**PEDRO LOPEZ-FABIAN**
**10-R-0932**
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051
Petitioner *pro se*

**MAE A. D'AGOSTINO**
**United States District Judge**

### DECISION and ORDER

      Petitioner Pedro Lopez-Fabian filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with several exhibits. *See* Dkt. No. 1. In his petition, Petitioner challenges a December 14, 2010, order issued by Immigration Judge Roger F. Sagerman directing that Petitioner be removed from the United States to the Dominican Republic. *See id.* at 9 (Order of the Immigration Judge, Sagerman, J.). Petitioner claims that he did not learn of the removal order until the end of November 2012. *See id.* at 4. He also claims that his due process rights were violated with respect to the immigration removal proceeding because a proper interpreter was not present, he did not agree to removal or to waive his right to appeal the removal order, and he was not served with the final order of

removal. *See id.* at 3-5. Petitioner states that his removal "would cause undue hardship and destroy family unity" because one of his sons was born in the United States, and a second son and Petitioner's wife are legal residents here. *See id.* at 4. Finally, Petitioner states that in addition to this petition, he has several applications for relief pending before the "Immigration Appeals Bureau" and the "Immigration and Naturalization" Service in which he seeks relief from the removal order. *See id.* at 4-5.

When Petitioner filed his petition, he did not pay the required filing fee, or submit an application to proceed *in forma pauperis* ("IFP Application"). On January 8, 2013, Petitioner was directed to either pay the filing fee, or submit an IFP Application, within thirty days. *See* Dkt. No. 2. In the IFP Order, Petitioner was warned that his failure to either pay the filing fee or submit an IFP Application could lead to the dismissal of this action. *See id.* To date, Petitioner has failed to comply with the IFP Order. Additionally, according to publicly available information, Petitioner was conditionally released to immigration detention from the Coxsackie Correctional Facility on January 17, 2013, and has not provided the Court with a current address. *See* http://nysdoccslookup.doccs.ny.gov (last visited Mar. 12, 2013); N.D.N.Y. L.R. 10.1(c)(2) (requiring attorneys and *pro se* litigants to "immediately notify the Court of any change of address"). Based on the foregoing, this action is dismissed.

In any event, because Petitioner is challenging the propriety of the removal order, claiming that due process violations occurred during the removal proceedings, this Court is precluded from exercising jurisdiction over this petition by section 106(a)(1)(B) of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." *Marquez-Almanzar v. Immigration & Naturalization Serv.*, 418 F.3d 210, 215 (2d Cir. 2005); *see also*

*De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007) (holding that the Real ID Act eliminated habeas review as "a separate means of obtaining judicial review of a final order of removal"); *Andreenko v. Holder*, No. 6:11-CV-6610, 2012 WL 4210286, *4 (W.D.N.Y. Sept. 18, 2012) (same); *Achouatte v. Holder*, No. 9:11-CV-1146 (GLS), 2011 WL 4916543, *2 (N.D.N.Y. Oct. 17, 2011) (same). Only federal courts of appeal may review challenges to final orders of removal. *See Luna v. Holder*, 637 F.3d 85, 86, 92-93 (2d Cir. 2011).

For the foregoing reasons, this action is dismissed.

**WHEREFORE**, the Court hereby

**ORDERS** that this action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Petitioner at his last known address.

**IT IS SO ORDERED.**

Dated: April 2, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge